UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

COLTIN HERZOG,

      Plaintiff,

         v.                     CAUSE NO. 1:25-CV-252-PPS-APR

DEVIN BURTON, STEVE SMOLEK,
PATTERSON, VINSON, ZACH
SHIFFLETT,

      Defendants.

OPINION AND ORDER

Coltin Herzog, a prisoner without a lawyer, initiated this case by filing a

complaint and a motion seeking leave to proceed in forma pauperis. ECF 1, ECF 2. A

prisoner may not bring a civil action in forma pauperis if he has, "on 3 or more prior

occasions, while incarcerated or detained in any facility, brought an action or appeal in

a court of the United States that was dismissed on the grounds that it [was] frivolous,

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is

commonly known as the "three strikes" provision. Herzog has accumulated five prior

strikes:

    (1) *Herzog v. Ulrick*, No. 1:24-cv-428-DRL-SJF (N.D. Ind. decided Feb. 3, 2025), dismissed under 28 U.S.C. § 1915A for failure to state a claim (ECF 23, 24);

    (2) *Herzog v. Shifflett*, No. 1:25-cv-32-JD-AZ (N.D. Ind. decided Feb. 13, 2025), dismissed under 28 U.S.C. § 1915A for failure to state a claim (ECF 4, 5);

    (3) *Herzog v. Carpenter*, No. 1:24-cv-563-HAB-SLC (N.D. Ind. decided Mar. 25, 2025), dismissed under 28 U.S.C. § 1915A for failure to state a claim (ECF 11, 12);

    (4) *Herzog v. Miller*, No. 1:25-cv-82-TLS-AZ (N.D. Ind. decided Mar. 26, 2025), dismissed under 28 U.S.C. § 1915A for failure to state a claim (ECF 4, 5).

(5) *Herzog v. Carpenter*, No. 1:24-cv-507-PPS-AZ (N.D. Ind. decided Apr. 9, 2025), dismissed under 28 U.S.C. § 1915A for failure to state a claim (ECF 18, 19).

An inmate who has struck out "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Herzog sues several staff members at the DeKalb County Jail, alleging they violated his constitutional rights by reading his legal mail outside his presence and by punishing him for storing his excess legal mail in someone else's tote. Nothing in this complaint plausibly suggests he is facing a genuine emergency or is in imminent danger of serious physical injury, so he may not proceed in forma pauperis. Herzog is aware he can't proceed in forma pauperis unless he is in imminent danger of serious physical injury because he has been told so in at least four other cases: (1) *Herzog v. Carpenter*, No. 1:24-cv-00563-HAB-SLC (N.D. Ind. decided Mar. 25, 2025) at ECF 14; (2) *Herzog v. Carpenter*, No. 1:25-cv-00168-DRL-SJF (N.D. Ind. filed Apr. 9, 2025) at ECF 5; (3) *Herzog v. Urbina*, No. 1:25-cv-00169-CCB-JEM (N.D. Ind. filed Apr. 9, 2025) at ECF 9; (4) *Herzog v. DeKalb County Jail*, No. 1:25-cv-00223-JTM-AZ (N.D. Ind. filed May 5, 2025) at ECF 6.

In fact, Herzog explicitly acknowledged that he was three-struck in a previous case. *See Herzog*, No. 1:25-cv-00169-CCB-JEM at ECF 1. But here, he makes no mention

2

of it. As noted above, Herzog's current claims don't allege an emergency or imminent danger of serious physical injury. Yet, despite knowing he is three-struck, he still sought leave to proceed in forma pauperis. The Seventh Circuit requires litigants be restricted when they attempt to "bamboozle" the court by seeking to proceed in forma pauperis after they have been informed that they are barred from doing so:

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Here, Herzog attempted to "bamboozle" the court by seeking to proceed in forma pauperis when he isn't in imminent danger of serious physical injury. This case will be dismissed, the filing fee will be assessed, and Herzog will be restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict him from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Neither does it restrict Herzog from filing in any of his <u>open</u> cases.

For these reasons, the court:

(1) DISMISSES this case WITHOUT PREJUDICE because Coltin Herzog sought leave to proceed in forma pauperis in violation of 28 U.S.C. § 1915(g);

(2) DENIES Coltin Herzog leave to proceed in forma pauperis (ECF 2);

(3) ORDERS the plaintiff, **Coltin Herzog, IDOC # 273805, DeKalb County Jail # 2919890373**, to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the **$405.00** filing fee is paid in full;

(4) DIRECTS the clerk of court to create a ledger for receipt of these funds;

(5) DIRECTS the clerk of court to return, unfiled, any papers filed by or on behalf of Coltin Herzog (except for a notice of appeal or unless filed in an open case or in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(6) DIRECTS the clerk to note on the docket of this case any attempted filings in violation of this order; and

(7) DIRECTS the clerk to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

ENTERED:  May 23, 2025.                          /s/   Philip P. Simon
                                                 PHILIP P. SIMON, JUDGE
                                                 UNITED STATES DISTRICT COURT

4